UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHELLE L. VAN HOOK,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-44

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 15), the Commissioner's memorandum in opposition (doc. 18), Plaintiff's reply (doc. 19), the administrative record (doc. 9),[2] and the record as a whole.

### I.

**A.    Procedural History**

Plaintiff filed for DBI and SSI alleging disability commencing on June 12, 2010. PageID 4069. Plaintiff claims disability as a result of a number of alleged impairments including, *inter*

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

*alia*, pancreatitis, gastroesophageal reflux disease ("GERD"), type II diabetes mellitus, depressive disorder, bipolar disorder, and a generalized anxiety disorder. PageID 4075.

After an initial denial of her application, Plaintiff received a hearing before ALJ Kim Nagle on August 16, 2013. PageID 70-103. ALJ Nagle issued a written decision on November 6, 2013 finding Plaintiff not disabled. PageID 49-64. On appeal, ALJ Nagle's opinion was remanded by this Court on December 1, 2015 for further proceedings. *Van Hook v. Comm'r of Soc. Sec.*, No. 3:15-cv-158, doc. 11 (S.D. Ohio Dec. 1, 2015).

On remand, Plaintiff received another administrative hearing -- this time before ALJ Mark Hockensmith -- on September 12, 2016. PageID 1511-45. ALJ Hockensmith issued a written decision on November 21, 2016 finding Plaintiff not disabled. PageID 1445-65. On appeal, ALJ Hockensmith's opinion was remanded by this Court on September 8, 2017 for further proceedings. *Van Hook v. Comm'r of Soc. Sec.*, No. 3:17-cv-66, doc. 13 (S.D. Ohio Sept. 8, 2017).

On August 27, 2018, Plaintiff received a third administrative hearing -- this time before ALJ Stuart Adkins. PageID 4107-36. ALJ Adkins issued a written decision on November 13, 2018 finding Plaintiff not disabled. PageID 4069-95. Specifically, ALJ Adkins found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id*.

As no exceptions were filed and the Appeals Council did not otherwise assume jurisdiction, ALJ Adkins's non-disability finding became the final administrative decision of the

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

2

Commissioner. 20 C.F.R. § 404.984(d); *Bray v. Chater*, No. 96-5226, 1996 WL 549773, at *1 (6th Cir. Sept. 26, 1996). Plaintiff timely filed this appeal from ALJ Adkins's opinion. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 46-67), Plaintiff's Statement of Errors (PageID 2246-65), the Commissioner's memorandum in opposition (PageID 2470-85), and Plaintiff's reply (PageID 2486-96). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred: (1) in evaluating the medical source opinions of record (particularly, the medical opinions of treating psychiatrists Susan Songer, M.D. and Vicky Moody, D.O.; treating physician Michelle Russell, D.O.; treating gastroenterologist Syed Ali, M.D.; and examining psychologist Larry James, Ph.D.); (2) by making unreasonable and unsupported findings regarding her physical and mental impairments; and (3) in relying on her substance abuse history, medical treatment history, and work activity as adverse factors prior to making a disability finding. PageID 5484-504. Finding error in the ALJ's weighing of Dr. Songer's opinion, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address those on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the

5

length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The issue of treating physicians, and the appropriate deference due to a treater by an ALJ, is a matter this Court has addressed on many recent occasions. To that end, the undersigned has repeatedly recommended for, or ordered, the reversal of ALJ findings under Sentence Four when the treating physician rule was not followed by the ALJ. *See, e.g., Bowermaster v. Commissioner of Soc. Sec.,* 395 F. Supp. 3d 955, 961-63 (S.D. Ohio 2019); *Roden v. Commissioner of Soc. Sec.,*

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

6

389 F. Supp. 3d 548, 553-56 (S.D. Ohio 2019); *Paloncy v. Commissioner of Soc. Sec.,* No. 3:18-cv-298, 2019 WL 4315779, at *4-6 (S.D. Ohio Sept. 12, 2019); *Miller v. Commissioner of Soc. Sec.,* No. 3:18-cv-281, 2019 WL 4253867, at *4-6 (S.D. Ohio Sept. 9, 2019); *Baker v. Commissioner of Soc. Sec.,* No. 3:18-cv-269, 2019 WL 4199749, at *4-5 (S.D. Ohio Sept. 5, 2019); *Massie v. Commissioner of Soc. Sec.,* No. 3:18-cv-190, 2019 WL 4071719, at *4-6 (S.D. Ohio Aug. 29, 2019); *Hale v. Commissioner of Soc. Sec.,* No. 3:18-cv-238, 2019 WL 3561778, at *5-7 (S.D. Ohio Aug. 6, 2019).

Here, treating psychiatrist Dr. Songer opined, on June 14, 2011, that Plaintiff was unemployable for between nine and eleven months as a result of her mental health impairments. PageID 1126-27. Subsequently, on May 10, 2012, Dr. Songer opined that Plaintiff was employable, but only on a part-time basis as a result of her mental health impairments. PageID 1192-93. Specifically, Dr. Songer noted Plaintiff has a number of limitations in her ability to, *inter alia*, maintain attention and concentration; perform activities within a schedule; maintain regular attendance; be punctual within customary tolerances; complete a normal workday; perform work without interruptions or an unreasonable number of rest periods; perform at a consistent pace without an unreasonable number and length of rest periods; get along with coworkers or peers without distracting them; and respond appropriately to changes in a work setting. *Id.*

Despite Dr. Songer's lengthy treatment relationship with Plaintiff, the ALJ afforded her opinion "only some weight." PageID 4082. In doing so, the ALJ failed to specifically decline to afford her opinion controlling weight and failed to analyze any of the controlling weight factors. *Id.* Instead, in affording Dr. Songer's opinion "only some weight," the ALJ's sole critique was that the opinion was "not corroborated by [Dr. Songer's] overall findings[,]" *i.e.*, because she noted

some "normal" status findings in an unspecified narrative report and, in one or more instances, indicated only moderate[5] limitations.[6] *Id*.

As held by the Sixth Circuit, "inconsistencies between the doctor's opinions and portions of her reports" is a factor "properly applied *only after* the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (emphasis added). Having failed to specifically analyze and provide reasons as to why Dr. Songer's treating opinion is not entitled to controlling weight, the ALJ committed reversible error by depriving "the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016). *See also* note 4 *supra; Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018). Reversal is warranted on this basis alone.

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

[6] Notably, the Appeals Council previously found ALJ Hockensmith erred in concluding that "no treating, examining, or reviewing source actually concluded that [Plaintiff] experiences worse than moderate limitation in any aspect of her mental functioning capability." PageID 4177. More specifically, the Appeals Council noted in its remand order that ALJ Hockensmith's conclusion appeared to be "inaccurate" in light of the medical opinions and evidence of record. *Id*. ALJ Adkins similarly erred by disregarding this evidence and, instead, selectively relying throughout his decision on evidence indicating moderate limitations that would support his ultimate non-disability finding. PageID 4079-82; *see Smith v. Comm'r of Soc. Sec.*, No. 3:18-cv-304, 2019 WL 5781610, at *4 (S.D. Ohio Nov. 6, 2019), *report and recommendation adopted*, No. 3:18-cv-304, 2019 WL 6252181 (S.D. Ohio Nov. 22, 2019) (*citing Loza v. Apfel*, 210 F.3d 378, 393 (5th Cir. 2000) (An "ALJ must consider all the record's evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *see also Mukes v. Commissioner*, 946 F.Supp.2d 737, 747 (S.D. Ohio, 2013) ("[T]he ALJ erred in selectively reading the record and making conclusions that constituted a "cherry picking" of evidence, designed to produce the result of a negative finding").

Had the ALJ properly conducted a controlling weight analysis as required by law, he would have first considered whether Dr. Songer's opinion was well-supported by the clinical findings in Plaintiff's treatment records. *See* 20 C.F.R. § 404.1527. With regard to the clinical findings of record in this case,[7] Plaintiff's treatment records reflect numerous abnormal mental status findings including, *inter alia*, suicidal ideation; avoidant eye contact; disheveled appearance; depressed mood; abnormal affect; impaired attention and concentration; and memory, agitation, and irritation. *See* PageID 771, 779, 781, 783, 787, 789, 791, 797, 801, 803, 805, 807, 825, 828, 831, 966, 971, 974, 981, 983, 986, 1005, 1008, 1020, 1029, 1148, 1153, 1155, 1157, 1159, 1161, 1163, 1416, 1421, 1716, 1726, 1735, 1744, 1752, 2866, 2871, 2878, 2882, 2888, 2898, 2906, 2913, 2937, 2944, 2952, 2958, 2969, 2973-74, 2979, 2989, 2994, 3002, 3006, 3012, 3016, 3026, 3035, 3044, 3052, 3061, 3076, 3085, 3094. These clinical findings all appear to support Dr. Songer's opinion, and the ALJ sets forth no explanation as to how these clinical findings in any way undermine that opinion regarding Plaintiff's work-related limitations.

Instead, the ALJ focused on a few "normal" status findings to the exclusion of the foregoing. *See Bowermaster*, 395 F. Supp. 3d at 962. In so doing, the ALJ inappropriately interpreted the medical data, which is prohibited. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); *see also Mabra v. Comm'r of Soc. Sec.*, No. 2:11-cv-407, 2012 U.S. Dist. LEXIS 118187, at *10 (S.D. Ohio Aug. 21, 2012) ("[T]he Court cannot ignore that the ALJ offered [her]

---

[7] "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment . . . consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989).

9

own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician").

Further, if the ALJ had properly analyzed the second controlling weight factor -- *i.e.*, the consistency of the opinion with the other substantial evidence of record, *see* 20 C.F.R. §404.1527(c)(2) -- he would have noted that Dr. Songer's opinion was, in fact, consistent with not only the clinical findings noted *supra*, but also the opinions of Plaintiff's other treating sources. For instance, treating physician Dr. Russell similarly opined[8] that Plaintiff was unemployable due to a number of limitations in her ability to, *inter alia*, maintain regular attendance; perform activities within a schedule; be punctual within customary tolerances; complete a normal workday; perform work without interruptions; perform work at a consistent pace without an unreasonable number and length of rest periods; and get along with coworkers or peers without distracting them. PageID 1429-37.

Treating psychiatrist Dr. Moody also similarly opined[9] that Plaintiff was unemployable because of limitations in her ability to, *inter alia*, maintain attention and concentration; perform activities within a schedule; maintain regular attendance; be punctual within customary tolerances; complete a normal workday; perform work without interruptions or an unreasonable number of

---

[8] The Commissioner asserts that Dr. Russell should be entitled to less deference because she deferred questions regarding Plaintiff's mental health to Plaintiff's treating psychiatrist, Dr. Songer. PageID 5512. While Dr. Russell did defer to Dr. Songer a single question -- concerning marked limitations in Plaintiff's ability to withstand the stresses and pressures of ordinary work activity as a result of anxiety, depression, or mood disorder -- she is not disqualified from opining on Plaintiff's mental health status. PageID 1431; *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp.3d 935, 946 n.6 (S.D. Ohio Feb. 26, 2016) (*citing Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (finding that "[w]hile the medical profession has standards which purport to restrict the practice of psychiatry to physicians who have completed residency training programs in psychiatry... it is well established that primary care physicians (those in family or general practice) identify and treat the majority of Americans psychiatric disorders")(internal and external citations omitted)).

[9] Dr. Moody provided an opinion on January 10, 2008, *i.e.*, before Plaintiff's alleged onset date of disability. PageID 1044-45; *Daniel v. Colvin*, No. 1:14–cv–775, 2015 WL 5530210, at *4 (S.D. Ohio Sept. 21, 2015) ("[A]lthough [the physician] issued his [or her] opinion before the alleged onset date of disability, it is not necessarily irrelevant and may support Plaintiff's disability claim when considered in the context of the entire record").

rest periods; perform at a consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in a work setting. PageID 1044-45.

Finally, Dr. Songer's opinion is also consistent with the opinion of the state agency's examining psychologist Dr. James, who opined that Plaintiff is limited in her ability to, *inter alia*, manage the anxiety, stress, and demands of workplace challenges; and respond appropriately when stressed in a work setting. PageID 1710-13. Accordingly, Dr. Songer's opinion appears consistent with the opinions of other treaters, and the ALJ sets forth no meaningful explanation as to how her opinion is inconsistent with other opinion evidence or the record as a whole.

In light of all the foregoing, Dr. Songer's opinion regarding Plaintiff's mental health limitations is entitled to controlling weight as both well-supported by the clinical findings of record and consistent with the substantial evidence. Thus, the Court finds the ALJ's non-disability finding unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, a remand for further proceedings is necessary to determine Plaintiff's RFC in light of the controlling opinion of Dr. Songer and, if appropriate, whether Plaintiff's substance abuse disorder "is a contributing factor material to the determination of disability." 20 C.F.R. §404.1535(a). Given that Plaintiff has already had three administrative hearings -- the first of which occurred in 2013 -- the Court anticipates this matter shall be heard administratively without delay.

## V.

For the foregoing reasons: (1) the ALJ's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**


Date:  3/25/2020                             /s/Michael J. Newman
                                             Michael J. Newman
                                             United States Magistrate Judge